IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

DARRELL L. PADGETT,                    )
                                       )
              Movant,                  )
                                       )
v.                                     )        Civil Action Nos.  1:06-00724
                                       )        Criminal Action No. 1:91-00166-01
UNITED STATES OF AMERICA,              )
                                       )
              Respondent.              )

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Movant's Motion for Voluntary Dismissal of his Federal Rule of Criminal Procedure 36 Motion (Document No. 308.), filed on February 13, 2007.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

On October 31, 1991, Movant was convicted as charged of conspiring to distribute cocaine base, distributing cocaine base within 1,000 feet of a school yard, aiding and abetting the distribution of cocaine base, and distributing cocaine base to a person under 21 years of age in violation of 21 U.S.C. §§ 846, 841(a)(1), 859, and 860. See United States v. Padgett, Criminal Action No. 1:91-00166, Document No. 132. The District Court sentenced Movant to a prison term of 450 months and a six year term of supervised release thereafter. Movant appealed his conviction and sentence, and

---

[1]  Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

the Fourth Circuit Court of Appeals affirmed. United States v. Padgett, 981 F.2d 1252, 1992 WL

372126 (4th Cir. (W.Va.)), cert. denied, 507 U.S. 979, 113 S.Ct. 1432, 122 l.Ed.2d 799 (1993).

Movant filed a Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C.

§ 2255 on May 11, 1994, and it was designated Civil Action No. 1:94-0377. See United States v.

Padgett, Criminal Action No. 1:91-00166, Document No. 155. By Order filed on October 4, 1994,

the District Court denied Movant's Section 2255 Motion. Id., Document No. 166. Movant appealed,

and the Fourth Circuit affirmed the District Court's decision. United States v. Padgett, 67 F.3d 298,

1995 WL 539811 (4th Cir. (W.Va.)). Movant moved for reconsideration of the District Court's denial

of relief under Section 2255, and the District Court denied it. See United States v. Padgett, Criminal

Action No. 1:91-00166, Document Nos. 175 and 185. Movant appealed, and the Fourth Circuit

sustained the District Court's decision. United States v. Padgett, 106 F.3d 393, 1997 WL 56869 (4th

Cir. (W.Va.)), cert. denied, 522 U.S. 938, 118 S.Ct. 349, 139 L.Ed.2d 271 (1997). On September 5,

2000, Movant filed a Motion to Reopen his Section 2255 Proceedings, and the District Court denied

it. See United States v. Padgett, Criminal Action No. 1:91-00166-01, Document Nos. 213 and 218.

Movant appealed and the Fourth Circuit upheld the District Court's decision. United States v.

Padgett, 10 Fed. Appx. 175, 2001 WL 565737 (4th Cir. (W.Va.)). Subsequently, Movant initiated

two matters pursuant to 18 U.S.C. § 3582(c)(2) contending that he was entitled to a reduction of his

sentence under Amendment 591. See United States v. Padgett, Civil Action Nos. 1:01-0004 and

1:03-0571. His claims in these cases were denied and ultimately dismissed on appeal.

On June 16, 2006, Movant filed the instant Motion for Correction of Clerical Errors in the

Judgment pursuant to Rule 36 of the Federal Rules of Criminal Procedure. Padgett v. United States,

Civil Action No. 1:06-00724, Document No. 300. Movant requests that the Court "correct and

amend his criminal judgment to reflect the Court's intention to group Counts Two and Four of his indictment pursuant to Section 3D1.2 of the United States Sentencing Guidelines." Id. Movant further requests that the Court amend his criminal judgment "to reflect his sentences on Count One and Count Three because the statutory maximum penalties for Counts One and Three of his indictment are 240 months imprisonment, respectively, pursuant to 21 U.S.C. § 841(b)(1)(c)." Id. On September 20, 2006, Movant filed a Motion to Amend his Pending Motion to Correct An Error in his Criminal Judgment Arising From Oversight. Id., Document No. 301. In the Motion, Movant argues that "[a]t sentencing . . . the Court, the defendant, and the government were all oblivious of the Guideline's mandate that required the Court to limit Mr. Padgett's sentence on Count One to 240 months when sentencing on a single count." Id., p. 2. On February 13, 2007, Movant filed a Notice of Voluntary Dismissal of his Federal Rule of Criminal Procedure 36 Motion.  Id., Document No. 308. In support of his motion, Movant states that on January 29, 2007, he filed a Motion pursuant to 28 U.S.C. § 2255 which raises "identical issues." Id. Movant requests that his Rule 36 Motion be dismissed and removed from the docket because his claims should be brought "pursuant to 28 U.S.C. § 2255 and not Rule 36 of the Federal Rules of Criminal Procedure." Id.

On January 29, 2007, Movant filed a Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. Padgett v. United States, Civil Action No. 1:07-00068, Document No. 304. Movant contends that "his Guidelines' sentence of 450 months imprisonment exceeds the maximum penalty for the statutory provision of 21 U.S.C. § 841(b)(1)(C), the provision that governs his sentence on Count One." Id. The undersigned entered Proposed Finding and Recommendation on July 17, 2007, recommending that Movant's Section 2255 Motion be denied. Id., Document No. 315. By Memorandum Opinion and Judgment Order entered on January 30, 2008, the District Court

adopted the undersigned's recommendation and dismissed Movant's Motion. Id., Document No. 320.

## ANALYSIS

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

4

Respondent has neither filed an Answer to Movant's Motion nor otherwise pled. Accordingly, the undersigned respectfully recommends that Movant's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i).[2] See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## PROPOSED FINDINGS AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Movant's Motion to Dismiss (Document No. 308.), **DISMISS** Movant's "Motion for Correction of Clerical Errors in the Judgment" (Document No. 300.), and remove this case from the Court's docket.

The Movant is notified that these Proposed Findings and Recommendation are hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(a), Federal Rules of Civil Procedure, Movant shall have three days (mailing/service) and then ten days (filing of objections), for a total of thirteen days from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for

---

[2] Furthermore, the undersigned finds that Movant's claims are ones properly considered under Section 2255. Essentially, Movant challenges the validity of his conviction and sentence. In Civil Action No. 1:07-0068, this Court denied Movant's Section 2255 Motion in which he raised the same issues as presented in the instant case. *Padgett v. United States*, Civil Action No. 1:07-00068, Document No. 320.

good cause shown.

Failure to file written objections asset forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served upon the presiding Chief United States District Judge Faber and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, who is acting *pro se*, in these proceedings, and to counsel of record.

ENTER: May 19, 2009.

R. Clarke VanDervort
United States Magistrate Judge

6